## WELSH & KNOWLES *v.* ALICE JORDAN, ET AL.

**Homestead Exemption.**

> Where the owner of a residence has not occupied it as such for three years, during which time she incurred a debt, the creditor having become such on the strength of such property, such owner is not entitled to hold such property as a homestead exempt from execution by moving into it shortly before suit is brought against her.

### APPEAL FROM LOGAN CIRCUIT COURT.

January 30, 1877.

OPINION BY JUDGE COFER:

Mrs. Woodson, according to her own testimony, ceased to occupy the property in contest as a residence, for more than three years before the creation of the appellants' debt. During that time she was not a housekeeper at all, or else kept house in rented property in another portion of the town until just before the commencement of this suit on the debt, which the evidence shows was created alone on the faith of the property. At the time the debt was created, and for three years prior thereto, it had been occupied by tenants who used

one portion as a drinking saloon and resided in another portion. The property was not a homestead when the debt was created, and to allow the exemption now, when a debt created on the faith of that identical property is sought to be collected, is to turn a beneficent statute into an instrumentality of injustice.

There is nothing in the cases cited by Mrs. Woodson's counsel inconsistent with this conclusion. The statute provides that it shall not apply if the debt or liability existed prior to the purchase of the land, or to the erection of the improvements thereon. The evident purpose was to prevent the debtor from withdrawing from the reach of creditors that which was subject to the payment of debts when they were created; and while the language used does not in terms deny the exemption, when the property claimed as exempt was not a homestead when the debt was created, such was the evident intention of the legislature; and the interests of that class for whose benefit the statute was enacted, no less than the interest of creditors and principles of abstract justice, demand that it shall be so construed.

We are, therefore, of the opinion that the court erred in dismissing appellants' petition, and the judgment is *reversed,* and the cause remanded for further proceedings.

*Charles S. Grubbs, James H. Bowden, for appellants.*
*R. S. Bevier, for appellees.*